### S. C. McKEMY v. WILLIAM GOODALL, EX'R.

1. PETITION ON ACCOUNT CONSISTING OF SOME ITEMS NOT PROPER IN ACCOUNT.

   A petition on an account in the short form, authorized by sec. 5086, Rev. Stat. is good as against a general demurrer, when the account attached to the petition consists of one or more items which are the proper subject of a book account, and of other cash items, which are not, ordinarily, the subjects of such an account. —And that in such a case, the proper practice for the defendant, if he objects to such cash items as not the proper subject of such an account, is to demur to the particular items, or to move to strike them out, and to answer as to the others.

2. AGREEMENT OF PARTIES CURES THE OBJECTION TO CASH-ITEMS IN BOOK ACCOUNT.

   In such a petition, on such an account, if it be alleged that the cash items therein were made the subject of such account, with the assent, or by the agreement of the defendant's testator, it is not open to objection by demurrer or motion, on the ground that the said cash items are not the proper subject of book account.

3. MATTER NOT TO BE STRICKEN OUT WHICH COULD BE OBJECTED TO IF IN SEPARATE COUNT.

   A petition alleging that the defendant, as executor, was indebted to the plaintiff, in a certain sum for money loaned to the defendant's testator in his life-time at his request, and for money had and received by him, and an account is attached to the petition as an exhibit, consisting of two items of cash, of large amounts, loaned by plaintiff to the testator, and of an item of cash advanced to another person at his request, states a good cause of action, and though the petition might be open to objection, on the ground that several causes of action are set up in one count : *Held*, That the court could not, on motion filed by the defendant, properly strike from the petition the allegations as to the loan of money and money had and received, and then dismiss the action at plaintiff's costs, against his exception.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The two cases of J. C. McKemy against Wm. Goodall, Ex'r of the will of Wm. A. Beatty, deceased, and of F. B. Thompson against the same defendant, were argued together, and though they do not really involve the same questions, they are somewhat similar, and we will dispose of them together.

J. C. McKemy brought his action in the common pleas court against the defendant, to recover a balance of $1,759, alleged to be due him from the defendant as executor, on an account, a copy of which was attached to the petition, and this paper purports to be an account between the plaintiff, an attorney at law; and Beatty, commencing November 30, 1880, and closing July 11, 1881. There are nineteen items on the debit side of the account—one of them is a charge of $500 for attorney fees—the other eighteen are cash items, ranging in amount from $5 to $385, and these cash items aggregate $2,023.75. The credits given are six in number—one for $12.25 is for corn furnished him, and the other five for cash paid, and ranging in amount from $10 to $650, and the cash items aggregating $848.24.

To this petition a general demurrer was interposed by the defendant, which was sustained by the court. Leave to amend the petition was granted, and an amended petition filed, containing the same allegations as the original, and this additional one, viz, "that the several items of cash in said exhibit A, were entered in said account and made the subject of book account, with the knowledge and assent of said decedent, William A. Beatty."

This additional averment was by the court, on motion of the defendant, stricken from the amended petition; and the defendant then moving for judgment on the pleadings, the petition and amended petition were by the court dismissed at the costs of the plaintiff—to all of which rulings the defendant excepted, and filed his petition in error to reverse said judgment, claiming that there was error in each of said rulings.

The questions thus presented for our decisions are these: First—Whether a petition in the short form, authorized by sec. 5086, Rev. Stat., on an account like that in this case, is good as against a general demurrer—and, if not, whether the additional averment to which I have alluded, makes it so.

The reason for the law which allows this short mode of pleading on an account, is manifest. If each item on the debit side of a running account is to be made the subject of a separate cause of action, it would be too expensive and burdensome to be borne. The statute, therefore, very properly, in a case in which there is a series of dealings between parties ordinarily made the subject of a book account, allows the account to be treated as if all of the matters embraced in it were had under a single arrangement. If it is manifest on the face of the account itself, or when it is taken in connection with the statements of the pleading to which it is attached, that all of the items are such as are not the proper subjects of a book account, we think a demurrer thereto would be properly sustained. If, however, but a part of the items were open to this objection, we think that a demurrer to the whole petition would not lie, and that the proper practice would be to demur to such items, or move to strike them out.

It is claimed, however, by the counsel for plaintiff in error, that this is not a question of pleading, but one of evidence; and that the proper and only time to determine whether an item of the account is of that character, is when proof is offered in regard to it—that the court cannot, as a matter of law, say on a simple inspection of an account, whether any of the items are objectionable on this ground.

We admit the correctness of the doctrine claimed, that what are the proper subjects of a book account is to be determined by the facts of the particular case, and may well vary with the nature of the dealings between the parties, and any arrangement or custom that may have existed between them, as to their mode of dealing with each other, and the keeping of their accounts—yet the law being undisputed, that, *as a rule*, large items of cash are not usually evidenced in this way, and therefore in general, not proper subjects of such accounts, we think if the action of the court is properly invoked on the pleadings in the case, that the law must be so held, and that unless it is apparent from the examination of the account itself, or from the averments of the pleading, that under the circumstances of that particular case, such items *are* proper subjects of account, they should be held to be improper and stricken out. Of course it may be difficult to determine from an inspection of the account alone, what, for instance, are *large items* of cash, and, therefore, objectionable in an account. But it is a judgment which has to be exercised at some stage of the case if the question is raised, and perhaps it may as well be done before the trial on the pleadings, as afterwards when the proof is offered. And, therefore, we think, that if the propriety of the items does not sufficiently appear on the account itself, it should be supplemented by statements in the pleadings which show that they are proper.

We think the views which we have expressed are in accordance with the statements of Judge Swan in his work on Pleadings and Precedents, page 183. He says: "The account mentioned in this section (5086) is such as usually forms the items of charges in accounts, and occurring under such circumstances as to be

the proper subject of book accounts." * * * The items and the nature of the dealing must have been such, that if regularly charged they would have been the proper subject of book account—if they are not, the defendant may demur, or move to strike them out. If some are proper and some not, the defendant should answer as to the former, and may demur to the latter, for each item becomes for this purpose an allegation of an indebtedness by sale and delivery or otherwise, according to the nature of the claim. After verdict, however, the court will presume that the improper items were charged to account by the agreement of the parties."

Our conclusions then are : 1. That in this case the petition was founded on an account, one item at least of which, on each side, was the proper subject of a book account, and that the demurrer to the petition should not have been sustained. But as an amended petition was filed which contained all the allegations of the original, and others in addition, the plaintiff cannot now avail himself of that error.

2. That the amended petition on its face showed that the cash items of the account were proper in that case, and therefore that the action of the court in striking therefrom the additional allegations as to the assent of the testator to that item, being charged on that account, and in then dismissing the case, was erroneous, and that for this reason the judgment would be reversed with costs, and the case remanded to the common pleas court for execution as to costs, and to be further proceeded with, as provided by law.

In the case of Thompson against the same defendant, the original petition alleged that the defendant, as executor of the will of Beatty, was indebted to the plaintiff on an account, a copy of which was attached, in the sum of $936.50. From the annexed account it appeared that it contained but three items of charges and no credits. One was for cash loaned Beatty, October 10, 1882, $500. One for cash advanced Mrs. Snider at the request of Beatty on the same day, $19 25, and the third was for cash loaned Beatty, October 29, 1882, $400.

Afterwards the plaintiff voluntarily, on leave, filed an amended petition alleging that the defendant as executor was indebted to him in the sum of $936, for money loaned to said Beatty, and had and received by him in his life-time, at his request, and then followed this language : "A statement of said claim is hereto attached marked exhibit A," which exhibit is a substantial copy of that attached to the original petition.

A motion was thereupon made by the defendant to strike from the amended petition the words, "for money loaned to said Beatty, and had and received by said Beatty in his life-time," on the ground that they were irrelevant, and a departure from the original petition, which motion was sustained by the court, and the petition and action dismissed with costs, to which judgment the plaintiff excepted.

We are of the opinion that the amended petition was not intended as a pleading under sec. 5086. It is more in the nature of a claim for recovery on the common counts for money loaned and had and received, with a bill of particulars as to the amounts and times of the transactions. And we think that such a petition, stating a loan of money by a plaintiff to a defendant at his request, and that it is due and unpaid, or that defendant is indebted to him therefor, clearly states a good cause of action, and in the language of Judge Swan in the same work quoted before, page 177, is beyond the reach of objection by motion or demurrer, and such we understand to be the conclusions of Judge Nash and Mr. Bates in their respective works on pleadings.

These allegations are made in this case by the amended petition, and though it may be open to the objection (not being founded on an account) that it states several distinct causes of action in one count, no objection of this kind was made. We do not think the language inserted in the amended petition, and stricken out by the court, was irrelevant, for when inserted it made that good which might have been defective before. Nor was it a departure from the original claim sued on. The plaintiff simply seeks in a different manner to recover on pre-

cisely the same demand.    We think the words in question should not have been stricken out and judgment rendered for the defendant, and the same judgment will be rendered in this as in the McKemy case.

Stallo, Kittredge and Wilby, for plaintiffs in error.

McDougall & Longworth, for defendants in error.

28                          **INSURANCE POLICIES.**
[Hamilton Circuit Court, February Term, 1885.]
Cox, Smith and Swing, JJ.